Ivan M. Posey (Bar No. 196386)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *iposey@leechtishman.com*

Attorneys for Defendant, PHE Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| T.D., individually and on behalf of all others similarly situated, | Case No.: 3:25-cv-09349-WHO |
| Plaintiff, | Judge: Hon. William H. Orrick |
| vs. | **DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| PHE, INC. | |
| Defendant. | **DATE:** February 4, 2026<br>**TIME:** 2:00pm<br>**PLACE:** Courtroom 2 |

## <u>NOTICE OF MOTION</u>

On February 4, 2026, at 2:00pm, in Courtroom 2, Defendant, PHE, Inc. ("PHE" or "Defendant"), through its counsel, does and hereby will, move for a Motion to Dismiss the Complaint. Defendant, through its counsel, discussed this Motion with Plaintiff's Counsel.

Dated: <u>January 2, 2026</u>          **LEECH TISHMAN NELSON HARDIMAN, INC.**

<u>/s/ Ivan M. Posey</u>

Ivan M. Posey (Bar No. 196386)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
T: 424-738-4400
Email: iposey@leechtishman.com
*Attorneys for Defendant, PHE Inc.*

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..........................1

III. LAW AND ARGUMENT .........................................................................2

   A.  PLAINTIFF FAILED TO NAME ALL PARTIES. ..............................................3

   B.  PLAINTIFF FAILED TO PLEAD FACTS IN SUPPORT OF A CIPA CLAIM FOR DERIVATIVE LIABILITY AGAINST PHE. .....................................................................5

   C.  PLAINTIFF FAILED TO ESTABLISH STANDING UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION........................................................................12

   D.  PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO CONFER THIS COURT WITH PERSONAL JURISDICTION OVER PHE. ..................................................16

IV.  CONCLUSION ....................................................................................19

LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

# TABLE OF AUTHORITIES

## Cases

*Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) ................................................. 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2, 3

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) ...................................... 16, 17, 18

*Calder v. Jones*, 465 U.S. 783 (1984) .......................................................................... 17

*Center for Biological Diversity v. Bernhardt*, 946 F.3d 553 (9th Cir. 2019) .................. 13

*Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58 (W.D. Pa. 2023) ...................................... 16

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) .................................... 18

*Diamond Alternative Energy, LLC v. Environmental Protection Agency*, 606 U.S. 100 (2025) .................................................................................................................... 12

*Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010) ....................................................................................................................... 4

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000 .................. 5

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023) ........................ 18

*Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174 (N.D. Cal. 2025) ............................. 15

*Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923 (N.D. Cal. 2019) .................................... 3

*Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096 (C.D. Cal. 2023) ...................................... 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................... 12, 13

*Mecinas v. Hobbs*, 30 F.4th 890 (9th Cir. 2022) .......................................................... 13

*Mikulsky v. Noom, Inc* 682 F. Supp. 3d 855 (S.D. Cal. 2023). ..................................... 15

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ............................................... 3

*Popa v. Microsoft Corporation*, 153 F.4th 784 (9th Cir. 2025) ........................... 13, 14, 16

*Renee v. Duncan*, 686 F.3d 1002 (9th Cir. 2012 .......................................................... 14

*Rogers v. Ulrich*, 52 Cal.App.3d 894 (Cal. App. 1975)) ................................................. 7

*Sisley v. U.S. Drug Enf't Admin.*, 11 F.4th 1029 (9th Cir. 2021 .................................... 13

*Smith v. YETI Coolers, LLC*, 754 F.Supp.3d 933 (N.D. Cal. 2024) ........................... 7, 8, 9

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ........................................................................... 12

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .......................................... 3

*Swarts v. Home Depot, Inc.*, 689 F.Supp.3d 732 (N.D. Cal. 2023). ....................................... 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ........................................ 3

*Torres v. Prudential Financial, Inc.*, 2025 WL 1135088 (N.D. Cal. April 17, 2025
............................................................................................................................................... 8

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ............................................................... 13

*United States v. Stoterau*, 524 F.3d 933 (9th Cir. 2008) ......................................................... 5

*Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751 (N.D. Cal. 2023 ...7, 10

*Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 980 (C.D. Cal 2023 ......... 8

**Statutes**

California Penal Code Section 631(a) ......................................................................................... 6

**Rules**

Cal Civ. Proc. Code § 410.10, ................................................................................................. 16

F.R.C.P. § 12(b)(6) ..................................................................................................................... 2

F.R.C.P. § 8(a) ............................................................................................................................ 3

F.R.C.P. § 8(a)(2) ........................................................................................................................ 2

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    <u>INTRODUCTION</u>

This Court is respectfully requested to dismiss the Complaint against Defendant, PHE, Inc. ("PHE" or "Defendant"). Plaintiff, T.D. ("Plaintiff" or "T.D."), on behalf of herself and others similarly situated, has failed to (1): name all parties, (2) plead facts in support of a CIPA claim for derivative liability against PHE, (3) establish that Plaintiff has standing to file suit under Article III of the United States Constitution, and (4) allege facts sufficient to confer this Court with personal jurisdiction over PHE.

## II.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

PHE is incorporated in and maintains its principal place of business in North Carolina. PHE operates Adam & Eve, which markets adult products throughout the United States on adameve.com (the "Website"). On November 9, 2025, Plaintiff filed a Complaint against PHE, on behalf of herself and all California residents who have accessed and used the Website. Plaintiff, who is identified only by the initials "T.D." alleges that PHE violated the California Invasion of Privacy Act ("CIPA") Sections 631(a) and 632, and the California Constitution by aiding various third-party vendors in intercepting purportedly private communications sent and received by Plaintiff. *See* Complaint (Docket No.1).

Plaintiff's Complaint alleges two (2) causes of action under CIPA. First, under section, 631(a), Plaintiff claims that PHE aided third parties in tracking and intercepting Plaintiff's internet communications while accessing the Website. *See* Complaint, at p. 24.

1

Specifically, Plaintiff identifies Attentive, Google, and Heap (the "Third Parties") as the third parties that purportedly intercepted Plaintiff's communications with the Website. *Id.* at p.4. Plaintiff dedicates multiple pages of her Complaint to detailing how each of these Third Parties operates.

Plaintiff alleges PHE violated section 632 of CIPA because the computer codes and programs used by the Third Parties qualify as a recording device, and PHE aided and abetted the Third Parties in using these alleged "recording devices" to collect confidential communications Plaintiff has with the Website using such tools. Lastly, Plaintiff claims that PHE committed the tort of invasion of privacy by using the Third Parties' tracking technology.

## III.  **LAW AND ARGUMENT**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." F.R.C.P. § 12(b)(6). In order to state a claim for relief, a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. § 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting F.R.C.P. § 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must evaluate the complaint as a whole, along with other materials courts typically consider at this stage—such as documents referenced in the complaint and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court is not obligated to accept as true any allegations that are contradicted by facts that are judicially noticeable and may review public records without converting the motion into one for summary judgment. *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 937 (N.D. Cal. 2019).

### A. Plaintiff Failed to Name All Parties.

Plaintiff filed her Complaint against PHE in the Northern District of California, Federal Court. An action filed in Federal Court is governed by the Federal Rules of Civil Procedure ("FRCP"). Under FRCP Rules 10 and 17, a plaintiff <u>must</u> list her real name in her Complaint. Fed. R. Civ. P. 10(a), 17(a)(1) (emphasis added). The purpose of these

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

rules is to promote "the public's right to open courts and the right of private individuals to confront their accusers." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036,1042 (9th Cir. 2010). Though the rule is not absolute, a plaintiff may proceed by pseudonym **with the court's permission**. *See id.* (emphasis added). Plaintiff has not sought permission from this Court to proceed by pseudonym. On that reason alone, Plaintiff's Complaint should be dismissed.

Even if Plaintiff had sought permission to proceed anonymously, the Court must balance the following five (5) factors: (1) the severity of the threatened harm (2) the reasonableness of the anonymous party's fears (3) the anonymous party's vulnerability to such retaliation (4) the prejudice to the opposing party, and (5) the public's interest. *Kamehameha Schs.*, 596 F.3d at 1042. Of course, in every case, the Court has the ultimate discretion to permit or deny pseudonymous filings.

In a case involving PHE and nearly identical allegations under the exact same circumstances, the United States District Court for the Central District of California ultimately dismissed pseudonymous CIPA claims based on the above analysis. *See* Order regarding Pseudonymous Plaintiff in *Doe v. PHE, Inc.* 2:24-cv-01065-RGK-SK (C.D. Cal. 2024), a true and correct copy of which is attached as **Exhibit A**. The plaintiff was issued an order to show cause as to why the complaint should not be dismissed. The plaintiff filed a responsive document arguing that her purchase history from PHE, though it may result in ridicule and stigma, such harm may be avoided by simply obtaining a protective order and filing such information under seal. The court went on to state, "the

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

Court recognizes that her status as a customer may be embarrassing, but that embarrassment does not appear to so severe to justify proceeding pseudonymously particularly given the public's strong interest in open courts and judicial records." Ex. A (citing *United States v. Stoterau*, 524 F.3d 933, 1013 (9th Cir. 2008) ("The people have a right to know who is using their court."); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Plaintiff's claims and plausible "arguments" for filing pseudonymously in the instant case mirror the anonymous plaintiff's claims in *Doe v. PHE, Inc.* discussed above, and such "arguments" should fail for purposes of meeting the exceptions to the general rule against filing pseudonymously in the Federal District Courts of the United States. Other than embarrassment, T.D. alleges no facts that either directly claim retaliation, nor can there be any reasonable inference of actual, harmful retaliation that T.D. could potentially suffer by having it publicly revealed that she browsed and made purchases from an adult-oriented, online retailer. Clearly, the strong interest of the public in knowing the real parties in interest outweighs T.D.'s interest in proceeding under a pseudonym – particularly as a person who, by nature of her suit, is placing herself as a "representative" of thousands of other individuals.

### B. Plaintiff Failed to Plead Facts in Support of a CIPA Claim for Derivative Liability Against PHE.

The California Legislature enacted CIPA in 1967 "to address the increasing use of wiretapping to eavesdrop on private phone conversations." *Doe v. Eating Recovery Center LLC*, 2025 WL 2971090, at *3 (N.D. Cal. Oct. 17, 2025). As United States District Judge

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

Vince Chhabria recently noted, "The language of **CIPA is a total mess**. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies." *Id.* at *1 (emphasis added).

There are two (2) "CIPA provisions, Penal Code Sections 631 and 632, [which] can potentially be construed to create liability for website operators who use tracking software on their websites." *Id.* at *3. California Penal Code Section 631(a) imposes penalties on:

> Any person who, by means of any machine, instrument, or contrivance, or in any other manner, [1] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who [2] willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who [3] uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who [4] aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done **any of the acts or things mentioned above in this section**.

(emphasis added). As the United States District Court for the Northern District of California has summarized:

> To plead a violation of § 631(a), Plaintiff must allege sufficient facts to show that Defendant either (1) engaged in intentional wiretapping; (2) willfully read 'the contents or meaning' of a communication without consent; (3) attempted to use or communicate information obtained as a result of engaging in the

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

previous two activities; or (4) aided another in any of the previous three activities.

*Smith v. YETI Coolers, LLC*, 754 F.Supp.3d 933, 939 (N.D. Cal. 2024).

The first clause of Section 631(a), "by its plain terms … prohibits unauthorized connection with transmissions related to 'telegraph or telephone' technologies." *Swarts v. Home Depot, Inc.*, 689 F.Supp.3d 732, 743 (N.D. Cal. 2023). Accordingly, "[c]ourts have uniformly interpreted this clause as applying only to communications transmitted over telephones and not those transmitted over the internet." *Id.*

The Second Clause of Section 631(a) "has three requirements: (1) the 'absence of consent' of all parties to the communication; (2) eavesdropping by a third-party nonparticipant to the communication; and (3) an interception of the communication 'while in transit.'" *Smith*, 754 F.Supp.3d at 940 (quoting *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 756 (N.D. Cal. 2023)).

The "third-party nonparticipant" requirement of clause two (2) is "an exemption from liability for a person who was a 'party' to a communication." *Valenzuela*, 674 F.Supp.3d at 757. The logical basis for this exemption is that "a party to a conversation cannot 'eavesdrop' under the law: 'It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation.'" *Id.* (quoting *Rogers v. Ulrich*, 52 Cal.App.3d 894, 899 (Cal. App. 1975)). Whether this exemption applies turns on an analysis of whether the defendant's conduct was "'sufficiently independent' from Defendant to be considered a distinct party." *Smith*, 754 F.Supp.3d at 940. To make this determination, courts consider "whether the

7

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

technology (or actor) behaves more akin to a tape recorder utilized by the party to the conversation or as an eavesdropper 'pressing up against the door to listen to a conversation.'" *Id.* (quoting *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023)). "Put another way, the question is whether the third party has the <u>capability</u> to use its record of the interaction for [another] purpose. An eavesdropper has that capability. A tape-recorder (absent an operator) does not." *Valenzuela*, 674 F.Supp.3d at 758 (emphasis original; internal quotations omitted).

"Though section 631 does not define 'read' or 'attempt to read,' courts generally conclude that liability under prong two of section 631 'requires some effort at understanding the substantive meaning of the message, report or communication.'" *Torres v. Prudential Financial, Inc.*, 2025 WL 1135088, at *5 (N.D. Cal. April 17, 2025). Accordingly, a "party to a communication 'recording a conversation with a device and later sharing the recording with others is not a [section 631] violation.'" *Id.* (quoting *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 980 (C.D. Cal 2023)). Further, this Court has strictly interpreted the "while in transit requirement," finding that the use of "*while*" "implies the interception must occur contemporaneous with the sending or receipt of the message." *Valenzuela*, 674 F.Supp.3d at 759. (N.D. Cal. 2023).

To establish derivative liability under Section 631(a), a plaintiff must demonstrate that the third party "engaged in conduct prohibited by the first, second, or third clause." *Smith*, 754 F.Supp.3d at 940. Further, the plaintiff must plausibly allege that the defendant "aided, agreed with, employed, or conspired with … [a third party] to unlawfully do, or

permit, or cause to be done any of the acts … in violation of § 631(a). *Id.* at 942. In other words, a finding of liability under Section 631(a) for derivative liability requires "both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Id.* Accordingly, Plaintiff must plead sufficient facts that the defendant "knowingly agreed with or employed … [a third party] to engage in conduct that violated the wiretapping statute." *Id.*

Based on the foregoing, the Ninth Circuit Court recently dismissed a claim for derivative liability under Section 631(a) in *Doe v. Eating Recovery Center, LLC*. In *Doe*, the Court found the plaintiff had not presented any evidence that the purported third-party interceptor had "read, attempt[ed] to read, or attempt[ed] to learn the contents of [plaintiff] Doe's communications … with ERC [the defendant] while those communications were in transit[.]" 2025 WL 2971090, at *7. Accordingly, the plaintiff's claim was dismissed. *Id.*

Plaintiff's Complaint fails to allege sufficient facts to support a claim for derivative liability against PHE under Section 631(a). First, Plaintiff does not allege that any of the Third Parties wiretapped any communications transmitted over telephones. As such, the first clause of Section 631(a) does not apply. The second clause of Section 631(a) likewise does not apply, for two reasons: first, Plaintiff fails to plead that the technology used by the Third Parties was akin to an eavesdropper rather than a recorder; second, Plaintiff fails to plead that the Third Parties made some effort at understanding the substantive meaning of the message, report or communication while in transit.

While Plaintiff's Complaint goes into great detail regarding the technology offered

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

by each of the Third Parties, it fails to allege that the Third Parties used the communications in any way that was not merely a secondhand repetition of the communications to PHE – as a tape recorder. For example, Plaintiff explains that PHE uses Third Party Heap to record customers' button clicks and page views. *See* Complaint, at ¶¶ 53-54. Heap then allows PHE to analyze this data to optimize and monetize PHE's own website. *Id.* at ¶¶ 56 & 58. As, by Plaintiff's own explanation, Heap is merely recording a customer's activities on PHE's website and sharing the recording with PHE, it is not functioning as an eavesdropper but as a tape recorder. While Plaintiff argues that Heap has the *ability* to use these conversations for its own purposes, there is no evidence pleaded that Heap did in fact use Plaintiff's conversations for its own benefit. In other words, Plaintiff fails to indicate that any eavesdropper was present. As in *Valenzuela*, "absent allegations establishing an eavesdropper existed," 674 F.Supp.3d at 758, Plaintiff's claim under Section 631(a)'s second clause must fail.

Even if it were interpreted that the Third Parties did in fact act as eavesdroppers, Plaintiff's claim nonetheless fails to meet the requirements of Section 631(a)'s second clause as Plaintiff fails to allege that any of the Third Parties read and intercepted the communications while in transit. Plaintiff alleges that the entire "wiretapping" process used by Heap "occurs within milliseconds." Complaint, at ¶ 50. Similarly, Plaintiff states that Google Analytics "immediately intercepts a user's interaction with the webpage[.]" *Id.* at ¶ 42. Then, "once this data is processed, it is stored on a Google Analytics database." *Id.* at ¶ 43. Based on Plaintiff's own averments regarding the instantaneous nature of the

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

1  alleged interception of Plaintiff's communications, it would be impossible for any third

2  party to read, attempt to read, or learn the contents thereof while those communications

3  were in transit. As the United States District Court for the Northern District of California

4  recently noted in *Doe*, "you must do something more than just intercept the

5  communication while it is in transit to be held liable." 2025 WL 2971090, at *6. Here,

6  there is no allegation that any of the Third Parties made any attempt to do anything with

7  Plaintiff's website data other than to provide a recording thereof for Defendant's own use.

8  Accordingly, as there is no evidence that the Third Parties attempted to read or understand

9  Plaintiff's communications with the Website while in transit, Plaintiff's claim under

10  Section 631(a)'s second clause again must fail. As Plaintiff has failed to establish that the

11  Third Parties violated either the first or second clause of Section 631(a), the third clause

12  does not apply. Consequently, as Plaintiff cannot demonstrate the actions of the Third

13  Parties violated any of the first three clauses of Section 631(a), derivative liability does

14  not apply.

15  Moreover, even if Plaintiff had successfully established that the Third Parties

16  violated Section 631(a), Plaintiff's claim *still* fails because she has failed to plead any facts

17  indicating that PHE was aware that the Third Parties' conduct would violate CIPA or that

18  PHE engaged in any conduct for the purpose of aiding, agreeing with, or employing a third

19  party to commit a violation of CIPA. Rather, Plaintiff's entire claim under Section 631(a)

20  is based upon the potential capabilities of the Third Parties, and her unsupported allegation

21  that PHE aided the Third Parties by simply installing software on the Website. This

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  baseless allegation alone is insufficient to support liability, and accordingly Plaintiff's

2  claim must be dismissed.

### C. Plaintiff Failed to Establish Standing under Article III of the United States Constitution.

Under Article III of the United States Constitution, the federal judiciary's power is limited to the resolution of "cases" and "controversies." U.S. Const. art. III, § 2; *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). To establish that there is a "case or controversy" under Article III, "the plaintiff must have a personal stake in the case[.]" *Id.* "For a lawsuit to constitute a case within the meaning of Article III, the plaintiff must have standing to sue. To demonstrate standing, plaintiffs must answer a basic question—'*What's it to you?*' ... plaintiffs must show that they possess a personal stake in the dispute and are not mere bystanders." *Diamond Alternative Energy, LLC v. Environmental Protection Agency*, 606 U.S. 100, 110 (2025) (quoting *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 379 (2024)) (internal citations and quotations omitted, emphasis added).

As the United States Supreme Court recently summarized, "the irreducible constitutional minimum of standing contains three elements: injury in fact, causation, and redressability." *Diamond*, 606 U.S. at 111 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Ninth Circuit consistently applies the three-element framework for Article III standing established by the Supreme Court: "[t]o have standing, plaintiffs must establish (1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

12

decision." *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) (citing *Lujan,* 504 U.S. at 560-61).

To establish the first element of standing, injury in fact, a plaintiff must show that his or her injury is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* Accordingly, "[c]onjectural, hypothetical, or speculative injuries, such as allegations of possible future injury do not suffice." *Center for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) (internal quotations omitted). "The Supreme Court has, in recent years, made this requirement even more definite." *Popa v. Microsoft Corporation*, 153 F.4th 784, 788 (9th Cir. 2025). Notably, the "fact that a harm is widely shared does not necessarily render it a generalized grievance .... a grievance too 'generalized' for standing purposes is one characterized by its abstract and indefinite nature." *Mecinas*, 30 F.4th at 896 (citing *Sisley v. U.S. Drug Enf't Admin.*, 11 F.4th 1029, 1034 (9th Cir. 2021)). In addition, following the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), a plaintiff must "demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury." *Popa*, 153 F.4th at 793.

To establish the second element of the three-part test, traceability, the plaintiff must demonstrate "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and **not the result of the independent action of some third party not before the court**.'" *Mecinas*, 30 F.4th at 899 (quoting *Lujan*, 504 U.S. at 560) (emphasis added). The final element of

the three-part test, redressability, "is satisfied so long as the requested remedy 'would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Id.* at 900 (quoting *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012)).

In *Popa*, the United States Court of Appeals for the Ninth Circuit addressed the issue of standing in a wiretapping claim. 153 F.4th at 787. The claim was originally filed in Pennsylvania. *Id.* Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA"), like CIPA, grants a civil cause of action for a wiretapping. *Id.* The case was then transferred to the Western District of Washington, which granted the defendant's motion to dismiss based upon lack of Article III standing. *Id.* The appeal followed, which hinged on whether the plaintiff had alleged a concrete injury sufficient to support standing. *Id.* at 788. The Court of Appeals recognized that "*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." *Id.* at 791. As the plaintiff had not explained how the technology used on the website at issue caused her to experience any kind of harm remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law, the Appeals Court affirmed the lower court's dismissal. *Id.* As the Court explained, "the monitoring of Popa's interactions with PSP's website seems most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Id.* The Court cited sensitive medical or financial information as examples of information that could be considered offensive in particular circumstances. *Id.*

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424-738-4400

In the matter presently before this Court, Plaintiff summarily concludes that consumers have an expectation of privacy regarding private, consensual, adult activity. Complaint, at ¶ 18. In support of this assertion, Plaintiff cites the California Consumer Privacy Act of 2018 and the California Information Privacy Act. Plaintiff does not, however, explain how PHE's use of Third Party technology is remotely similar to the highly offensive interferences or disclosures that were actionable at common law.

Plaintiff alleges that her personally identifiable information, which in this matter refers to her activity browsing an online adult store, was collected by PHE. Complaint, at ¶ 4. Plaintiff does not, however, indicate precisely what information or data about Plaintiff was purportedly collected by PHE. *See id.* For example, while Plaintiff dedicates a large portion of the Complaint to describing how Google analytics works, it is not indicated exactly what information was allegedly intercepted. Plaintiff notes that Google can match IP addresses; however, there is no indication that Plaintiff's IP addresses was in fact used to identify Plaintiff. *See id.* Ninth Circuit Courts have found that individuals do not have an expectation of privacy in all online identifiers, including IP addresses. *See Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025). In *Mikulsky v. Noom, Inc.*, the United States District Court for the Southern District of California dismissed a CIPA claim because the plaintiff's "conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information." 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023).

Moreover, while Plaintiff claims that her activity is highly sensitive and

15

confidential, the information at issue is more akin to a plaintiff's shopping activity in a public store than to sensitive medical or financial information. *See Popa*, 153 F.4th at 791; *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58 (W.D. Pa. 2023) (finding the plaintiff did not have a reasonable expectation of privacy in her product preferences when shopping online). As it is unclear based upon Plaintiff's Complaint whether the information or data that PHE allegedly allowed Third Parties to intercept is akin to basic contact information, like an IP address, or highly sensitive information like medical records, Plaintiff has failed to allege a concrete harm in support of Article III standing and her claim must be dismissed.

### D. Plaintiff has Failed to Allege Facts Sufficient to Confer this Court with Personal Jurisdiction over PHE.

Under Rule 4(e) of the Federal Rules of Civil Procedure, "a federal district court may exercise personal jurisdiction over a non-resident defendant to the extent authorized by the law of the forum state in which it sits." "The California long-arm statute, Cal Civ. Proc. Code § 410.10, provides for personal jurisdiction to the maximum extent that the Fourteenth Amendment's Due Process Clause allows." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025). For "a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have certain minimum contacts with California such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotations omitted). Accordingly, a "nonresident corporation may be subject to either general or specific personal jurisdiction. General personal jurisdiction allows a court to hear any and all claims against [defendants] when their affiliations with

the State are so continuous and systematic as to render them essentially at home in the forum State." *Id.* (internal quotations omitted). Specific personal jurisdiction focuses on "the relationship among the defendant, the forum, and the litigation." *Id.* Whether a court may exercise specific jurisdiction over a nonresident is analyzed under a three-part test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 750–51. The plaintiff "bears the burden of satisfying the first two prongs of the test." *Id.* If the first two prongs are not satisfied, then California may not exercise specific personal jurisdiction over the defendant. *Id.* If the plaintiff meets the first two prongs, then the burden shifts to the defendant to show "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 751.

In "claims sounding in tort, like … privacy and data use violations … [courts] most often employ a purposeful direction analysis." *Id.* This analysis utilizes the *Calder* effects test, which focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (internal quotations omitted) (citing *Calder v. Jones*, 465 U.S. 783 (1984)). The "purposeful direction test requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state,

17

and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.*

In the Internet age, courts have recognized that there must be something more than advertising alone "to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Id.* at 752 (quoting *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)). Accordingly, operating a website alone is insufficient to "establish express aiming. Otherwise, every time a seller offered a product for sale through an interactive website, the seller would be subjecting itself to specific jurisdiction in every forum in which the website was visible, whether or not the seller actually consummated a sale." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023).

In *Briskin*, the United States Court of Appeals for the Ninth Circuit found that specific personal jurisdiction existed over the defendant in a CIPA claim where the defendant conceded that it was aware the plaintiff's device was located in California based on geolocation data and the complaint alleged that the defendant sold consumer profiles without consent. *Id.* The matter presently before the Court is distinguishable from *Briskin*. First, there is no evidence that PHE had access to geolocation data enabling it to confirm that the device Plaintiff used to access the Website was in California. Even if this court interprets paragraph 55 of Plaintiff's Complaint as an allegation of geolocation data harvesting, geolocation information with an IP address is not reliable with the proliferation of VPN usage, which masks geolocation data. Furthermore, geolocation is

not specific enough to identify a person's address or any other personally identifiable information that would lend itself to identifying an individual. Second, there is no allegation that PHE itself collected the personal data of California consumers.

Plaintiff claims that specific jurisdiction exists over PHE in California because it sells products through its nationally available Website. Based on this logic, Plaintiff could instantaneously establish personal jurisdiction in any state in the United States simply by opening a browser and navigating to PHE's website. Contrary to Plaintiff's position and allegations, such derivative and reductive analysis does not satisfy the requirement of the *Calder* effects test as there is no evidence that PHE expressly aims its conduct at California.

The exercise of specific jurisdiction requires a relationship between the defendant, the forum, and the litigation. Plaintiff alleges that shipping products to California creates specific jurisdiction; however, PHE's products are not at issue in Plaintiff's claims – the Website is. Plaintiff's Complaint does not contain any allegations whatsoever that PHE expressly aimed the purpose and use of its Website at California residents. Accordingly, Plaintiff fails to satisfy the requirements for specific jurisdiction over PHE, and her Complaint must be dismissed.

## IV.   **CONCLUSION**

For the reasons stated above, PHE respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint with prejudice.

1

Dated: <u>January 2, 2026</u>

**LEECH TISHMAN NELSON HARDIMAN, INC.**

2

3

*/s/ Ivan M. Posey*

4

Ivan M. Posey (Bar No. 196386)
1100 Glendon Avenue, 15th Floor

5

Los Angeles, CA 90024
T: 424-738-4400

6

Email: iposey@leechtishman.com
*Attorneys for Defendant, PHE Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT