Ivan M. Posey (Bar No. 196386)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080 E-mail: *iposey@leechtishman.com*

Attorneys for Defendant, PHE Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| T.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHE, INC.<br><br>Defendant. | Case No.: 3:25-cv-09349-WHO<br><br>Judge: Hon. William H. Orrick<br><br>**DECLARATION OF IVAN M. POSEY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>*[Filed concurrently with the Motion; and [Proposed] Order)*<br><br>Complaint Filed: November 9, 2025<br>Trial Date: Not Set |

## DECLARATION OF IVAN M. POSEY

I, Ivan M. Posey declare as follows:

1. I am an attorney at LEECH TISHMAN NELSON HARDIMAN, INC., the law firm representing Defendant PHE, Inc. ("Defendant") in the above-captioned action brought by Plaintiff T.D. ("Plaintiff"). This Declaration is submitted in support of Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion").

2. I make this Declaration of my own personal knowledge, unless indicated otherwise, and, if called as a witness, I could and would testify competently to the facts stated herein. To my knowledge, all of the facts stated in this Declaration are true and correct.

3. A true and correct copy of the Order regarding Pseudonymous Plaintiff in the matter of *Doe v. PHE, Inc.* 2:24-cv-01065-RGK-SK (C.D. Cal. 2024) is attached to the Appendix as Exhibit A.

Executed this 2nd day of January 2026, at Los Angeles, California.

*/s/ Ivan M. Posey*
Ivan M. Posey

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**         (IN CHAMBERS) Order Re: Pseudonymous Plaintiff

On January 3, 2024, Plaintiff, using the pseudonym "Jane Doe," filed a Class Action Complaint in state court against PHE, Inc. and Google LLC (collectively, "Defendants"), alleging violations of the California Invasion of Privacy Act. Specifically, Plaintiff alleges that she had visited and purchased adult products from PHE's website, www.adameve.com, and Defendants improperly exchanged that information without her consent.

On February 7, 2024, the action was removed to this Court. On February 14, 2024, the Court ordered Plaintiff to show cause in writing why she should be permitted to proceed by pseudonym. On February 21, 2024, Plaintiff responded, arguing that a pseudonym is necessary to shield her from harm resulting from the disclosure of her purchases, which may reveal highly sensitive sexual information. The Court disagrees.

Under Federal Rules of Civil Procedure 10 and 17, a plaintiff must list her real name in the complaint. Fed. R. Civ. P. 10(a), 17(a)(1). These rules serve the purpose of promoting "the public's right to open courts and the right of private individuals to confront their accusers." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted). However, the rule that a plaintiff must use her real name is not absolute. In limited circumstances, a plaintiff may proceed by pseudonym with the court's permission. *See id.*; *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). When assessing whether a pseudonym is appropriate, "courts must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schs.*, 596 F.3d at 1042 (internal quotations omitted). However, at bottom, the decision to allow pseudonyms is "discretionary." *Advanced Textile*, 214 F.3d at 1068.

Plaintiff argues that the first three factors weigh in favor of pseudonymity because she would otherwise be forced to publicly reveal her purchase history, which would reveal her sexual practices,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc., et al.* | | |

preferences, and orientation which could lead to public ridicule and social stigmatization. She further argues that this ridicule and stigma should outweigh the remaining factors, as Plaintiff intends to reveal her identity to Defendants once the proper protective order is in place, and hiding her identity would not prevent the public from scrutinizing the important issues in this case.

The Court is not convinced. It appears that Plaintiff is chiefly concerned with her purchase history. While her purchase history may subject her to severe ridicule and stigma so as to outweigh the public interest, that harm may be avoided simply by obtaining a protective order and filing that information under seal. The same cannot be said of her identity as a customer of PHE. Plaintiff does not argue that her status as a customer would subject her to the same severity of harm. To be sure, the Court recognizes that her status as a customer may be embarrassing, but that embarrassment does not appear so severe as to justify proceeding pseudonymously, particularly given the public's strong interest in open courts and judicial records. *See Advanced Textile*, 214 F.3d at 1067; *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) ("The people have a right to know who is using their court.").

Accordingly, the Court **DISMISSES** Plaintiff's Complaint. If Plaintiff so chooses, she may refile her Complaint, with her true legal name, within seven (7) days from the entry of this Order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | JRE/sf | |