James K. Paulick (SBN # 348458)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4000; Facsimile: (424) 738-5080
E-mail: *jpaulick@leechtishman.com*

Attorneys for Defendant, PHE Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| T.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHE, INC.<br><br>Defendant. | Case No.: 3:25-cv-09349-WHO<br><br>Judge: Hon. William H. Orrick<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Date:** February 4, 2026<br>**Time:** 2:00 p.m.<br>**Location:** Courtroom 2<br><br>Complaint Filed: November 9, 2025<br>Trial Date: Not Set |



LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. PLAINTIFF MAY NOT FILE ANONYMOUSLY. .......... 1

B. PLAINTIFF HAS NOT, AND CANNOT, PLEAD FACTS IN SUPPORT OF HER CIPA CLAIM. .......... 1

III. CONCLUSION .......... 11


LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 1

*Briskin v. Shopify Inc.*,
135 F.4th 739 (9th Cir. 2025) .......... 10

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) .......... 10

*Dawidzik v. Tesla, Inc.*,
No. EDCV 25-01982-KK-SPX, 2025 WL 3786963 (C.D. Cal. Dec. 29, 2025) .......... 8

*Diamond Alternative Energy, LLC v. Environmental Protection Agency*,
606 U.S. 100 (2025) .......... 6

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) .......... 8

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 6, 7

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) .......... 9

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) .......... 4

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) .......... 2

*Jones v. Ford Motor Co.*,
85 F.4th 570 (9th Cir. 2023) .......... 7

*In re Landes*,
627 B.R. 144 (Bankr. E.D. Cal. 2021) .......... 2

*In re Meta Pixel Healthcare Litigation*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 8

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 7

*Saeedy v. Microsoft Corp.*,
No. 23-CV-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) .......... 9

LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

*Salazar v. Nat'l Basketball Ass'n*,
118 F.4th 533 (2d Cir. 2024) ....................7

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ....................8

*Torres v. Prudential Fin., Inc.*,
No. 22-CV-07465 (CRB), 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) ....................2, 3

**Federal Statutes**

Health Insurance Portability and Accountability Act ....................5, 8, 10

Video Privacy Protection Act ....................7

**State Statutes**

California Consumer Privacy Act ....................5

California Invasion of Privacy Act ....................1

California Privacy Rights Act ....................5

Penal Code Section 631(a) ....................8

Washington Privacy Act ....................7

**Other Authorities**

United States Constitution Article III ....................1, 5, 6, 7, 8

Leech Tishman Nelson Hardiman, Inc.
1100 Glendon Avenue, 14th Floor,
Los Angeles, CA 90024
424.738.4400

LEECH TISHMAN NELSON & HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court is respectfully requested to dismiss the Complaint against Defendant, PHE, Inc. ("PHE" or "Defendant"). Plaintiff, T.D. ("Plaintiff" or "T.D."), on behalf of herself and others similarly situated, has failed to (1): name all parties (2) plead facts in support of a California Invasion of Privacy Act ("CIPA") claim for derivative liability against PHE (3) establish that Plaintiff has standing to file suit under Article III of the United States Constitution, and (4) allege facts sufficient to confer this Court with personal jurisdiction over PHE.

## II. ARGUMENT

### A. Plaintiff may not file anonymously.

As Plaintiff has indicated in her Opposition to Defendant's Motion to Dismiss ("Opposition") that she "does not oppose Defendant's request to provide her full name in the case caption," (Opposition, at fn. 2), PHE will not address the issue in this Reply.

### B. Plaintiff has not, and cannot, plead facts in support of her CIPA claim.

It is well-settled that a plaintiff's obligation to plead facts in support of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Such factual allegations must support a plaintiff's right to relief beyond a merely speculative level. *Id.* Accordingly, a complaint "may be dismissed as a matter of law for failure to state a claim for two reasons: either a lack of a cognizable legal theory,

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

or insufficient facts under a cognizable legal theory." *In re Landes*, 627 B.R. 144, 150 (Bankr. E.D. Cal. 2021). Plaintiff's Complaint alleges that PHE violated CIPA by aiding and abetting third parties in intercepting her private and protected personal information. Plaintiff's Complaint fails, however, to provide sufficient factual support for this claim. Instead, Plaintiff relies on bare recitations of the law and lengthy explanations of the abilities of third parties Heap, Attentive, and Google (the "Third Parties") without factual application to this particular Plaintiff's claims. Noticeably lacking from Plaintiff's Complaint is a clear averment of precisely what personal and private information of this Plaintiff was wrongfully shared with the Third Parties and exactly how PHE aided and abetted the Third Parties in intercepting this information.

Plaintiff relies heavily on *Javier v. Assurance IQ, LLC*, in support of her argument that she needs only allege that the Third Parties have the capability of using her private information. 649 F. Supp. 3d 891, 894 (N.D. Cal. 2023). More recent distinguishing case law, however, makes clear that even when interpreting CIPA broadly in consideration of new technology, there must be evidence that the third party "eavesdropper" "used technology to independently interpret the substantive meaning of communications while they were in transit." *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465 (CRB), 2025 WL 1135088, at *6 (N.D. Cal. Apr. 17, 2025). As the United States District Court for the Northern District of California explained, the requirement that the third party interceptor attempt "to understand or decipher the contents," *id.*, of a plaintiff's alleged communications *while in transit*, cannot be stretched so far as to "encompass any

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

hypothetical future attempt to read or understand the meaning of a communication." *Id.* This is precisely what Plaintiff asks this Court to accept, as there is no allegation that the Third Parties have attempted to interpret Plaintiff's alleged communications with adameve.com (the "Website"); rather, Plaintiff relies on hypotheticals regarding the Third Parties' capabilities.

Plaintiff's opposition focuses on lists of the Third Parties' capabilities while ignoring the requirement to plead facts supporting that the Third Parties did in fact attempt to decipher the contents of Plaintiff's alleged communications with the Website while in transit. Plaintiff attempts to meet this requirement by referencing paragraphs in her Complaint that discuss the Third Parties' capabilities. This, however, is insufficient under a fact pleading standard. For example, Plaintiff claims that Heap sends "secret instructions" to *a website user's* browser, "*then* … secretly and simultaneously duplicate the user's Website communications, transmitting these communications to Heap's servers alongside additional information about the Website user's identity. This **entire *process* occurs within *milliseconds***." Plaintiff's Complaint, at ¶ 50 (emphasis added). There is no allegation that Heap attempts to read or understand a website user's communications, it is simply a duplication thereof, all while ignoring the basic operation of these third party analytics companies to simply repackage the information in an aggregated, statistical report to assist PHE in learning how to better market its products to those visitors interested in the Website. Accordingly, Heap is merely a tape recorder and an agent of PHE performing a valuable service. Finally, this entire assertion involves "a website user,"

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

there is no indication that Heap actually intercepted this particular Plaintiff's "communications" with the Website.

The lack of particularity in Plaintiff's Complaint regarding whether the communication was intercepted while in transit is fatal, as "Courts in this circuit have repeatedly found such general and conclusory allegations insufficient." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023). In *Heiting*, the plaintiff similarly pleaded that a code implanted on the defendant's website intercepted her communications with a chat bot in violation of CIPA. *Id.* at 1012. The United States District Court for the Central District of California explained that the plaintiff "has alleged, in general terms, how the interception occurs: through the code embedded on [the] [d]efendant's website. However, [the] [p]laintiff has not added any additional factual details to make clear when the interception occurred. **Merely parroting the statutory requirement that it occurred in transit is insufficient**." *Id.* at 1019. (emphasis added). Plaintiff makes precisely the same argument. In support of her claim, Plaintiff cites images of alleged transmissions between PHE and the Third Parties. Plaintiff, however, provides no information indicating *when* these transmissions allegedly occurred, nor that these were even between Plaintiff and PHE.

Plaintiff similarly makes bare and unfounded allegations regarding PHE's alleged aiding and abetting, which are insufficient to support her claim. The plaintiff in *Heiting* likewise claimed that the defendant paid a third party to intercept messages but did not "allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

and abet … [the] purported CIPA violation." *Id.* Accordingly, the District Court found that the plaintiff had not "plausibly alleged scienter under the [CIPA] statute." *Id.* Plaintiff's Complaint simply regurgitates the statutes at issue along with information on the operation of the Third Parties in general, without any application to the facts of this particular claim by this Plaintiff. In other words, Plaintiff's Complaint is precisely the type of merely speculative claim that fact pleading requirements are meant to prevent. What Plaintiff fails to overcome, or even acknowledge, is that there is an entire body of "privacy" law embedded in the  California Consumer Privacy Act ("CCPA"), as amended by the California Privacy Rights Act ("CPRA"), that specifically, categorically and expressly permits the collection and sharing of the type of information alleged by Plaintiff, so long as particular safeguards are in place, including, without limitation, a way for visitors to "opt out" of the sharing or sale of their personal information. Plaintiff would prefer that the Courts put on the proverbial horse blinders and attempt to fit a square peg into a round hole and find a *criminal* violation of the wiretapping law, all the while ignoring modern, data privacy laws and regulations that specifically permit such activity. *See generally*, California Privacy Rights Act, absent a specific prohibition for specific data, such as protected health information under HIPAA. (see Infra).

**C. Plaintiff has not, and cannot, plead facts in support of her Article III Standing.**

Plaintiff argues that the disclosure of private information and intrusion upon seclusion constitute harms traditionally recognized as providing a basis for a lawsuit.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

While this statement is correct, Plaintiff ignores the broader requirements of Article III standing, particularly the requirement that a plaintiff demonstrates that she has suffered a concrete, particularized, and actual harm. *See Diamond Alternative Energy, LLC v. Environmental Protection Agency*, 606 U.S. 100, 111 (2025). While Plaintiff's Complaint recites in great detail how the Third Party technology operates for any internet user, it does not contain any allegations that Plaintiff herself suffered any harm. There is no evidence in the Complaint that any one of the Third Parties intercepted *this* Plaintiff's communications with the Website. Nor does she explain how such an interception, which is not publicly disclosed, causes her actual harm, as compared to the posting of information in a public forum or the misuse of specifically regulated private information such as protected health information. Further, it remains unclear precisely what information Plaintiff claims to have been intercepted. The only allegation directly related to Plaintiff is the claim that she purchased a product from the Website. There is nothing in the Complaint that indicates that such information about *Plaintiff* was, in fact, intercepted.

Further, Plaintiff's broad sweeping statement that every circuit has held that the interception of web browsing information violates privacy statutes is highly misleading. Plaintiff cites *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020). *In re Facebook* did not involve a claim of aiding and abetting a third party; rather the plaintiff alleged that Facebook directly violated CIPA through its use of plug-ins to track users' browsing habits on third party websites, and then compile such information into a detailed profile of that users' habits outside of Facebook. *Id.* at 598-599. Plaintiff's

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

Complaint and entire assertion against PHE has nothing to do with PHE's collection of users' behavior on other websites. In fact, Plaintiff's Complaint concentrates solely on the users' interactions with PHE alone, not their browsing habits elsewhere. In essence, the core of the *Facebook* litigation was the surreptitious gathering of what Facebook's users were doing on other websites to build a profile of their browsing habits. Whereas the core of Plaintiff's Complaint is that PHE shared the browsing habits of its own users on its own website with a third party. *Id.* The two issues are not even remotely connected, and thus, Plaintiff's reliance on the Facebook case is specious, at best. Accordingly, the matter is distinguishable from the present case, which involves other sections of the CIPA statute and an entirely different, and unrelated set of facts.

Next, Plaintiff cites *Jones v. Ford Motor Co.*, 85 F.4th 570, 572 (9th Cir. 2023), which involved a claim under the Washington Privacy Act – not CIPA. Finally, Plaintiff cites *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024), *cert. denied sub nom. NBA v. Salazar*, No. 24-994, 2025 WL 3506972 (U.S. Dec. 8, 2025), which involved a claim under the Video Privacy Protection Act – not CIPA.

Moreover, *Jones* was distinguished by *Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025). In *Popa*, the United States Court of Appeals for the Ninth Circuit declined to interpret *Jones* as establishing a categorical rule "that broad privacy rights, enshrined in a statute, satisfy concreteness as a matter of course." *Id.* Accordingly, an alleged CIPA violation does not automatically establish an Article III injury in fact. In a recent case, the United States District Court for the Central District of California explained, "statutory

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

standing 'has nothing to do with whether there is [a] case or controversy under Article III.'" *Dawidzik v. Tesla, Inc.*, No. EDCV 25-01982-KK-SPX, 2025 WL 3786963, at *3 (C.D. Cal. Dec. 29, 2025) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998)).

Plaintiff's citation to cases not involving CIPA, or the particular section at issue, is misguided because despite this purported "spate of authority" the application of CIPA is hardly well-settled. As United States District Judge Vince Chhabria recently noted, "the state of affairs with CIPA is untenable. Courts are issuing conflicting rulings, and companies have no way of telling whether their online business activities will subject them to liability. That seems particularly true of Penal Code Section 631(a)[.]" *Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2025 WL 2971090, at *1 (N.D. Cal. Oct. 17, 2025).

Plaintiff alleges that her online purchase of adult products constitutes personal information protected by a right to privacy; however, she does not cite any case law or statute supporting this claim. Whereas in the *In re Meta Pixel Healthcare Litigation* matter involving Protected Health Information ("PHI"), claimants can at least point to the Health Insurance Portability and Accountability Act ("HIPAA"), which provides specific regulations as to how and when PHI can be shared, what consent is required and what cyber protections must be in place. 647 F. Supp. 3d 778, 786 (N.D. Cal. 2022). However, in Plaintiff's case, she cannot point to any external statutory-based or regulatory-based argument that distinguishes browsing data from an adult website from the browsing data

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

of any other online retailer. Plaintiff argues that the information at issue is private because it "divulges" her adult product purchases. Plaintiff does not indicate to whom her purchase history has allegedly been divulged to. Plaintiff then cites several outdated cases regarding privacy *within one's home*. Plaintiff incorrectly attempts to analogize her online product purchases to the contents of her diary. This analogy is misguided because Plaintiff's product purchases are more akin to the contents of a shopping cart in a public store than to the contents of a privately kept diary as the Internet, unlike one's home, is not private.

The Ninth Circuit has specifically held that Internet users do not have an "expectation of privacy in … the IP addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information." *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008). Other "[d]ata and information that has been found insufficiently personal includes mouse movements, clicks, keystrokes, keywords, URLs of web pages visited, **product preferences**, interactions on a website, **search words typed into a search bar**, user/device identifiers, anonymized data, **product selections added to a shopping cart**, and website browsing activities." *Saeedy v. Microsoft Corp.*, No. 23-CV-1104, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023). Other courts that have examined statutes similar to CIPA within the online shopping context have found:

> **Product preference information is not personal information** … [t]his information is no different from what … employees would have been able to observe if … [the plaintiff] had gone

> into a brick-and-mortar store and began browsing the inventory …. [**the plaintiff] certainly doesn't have a reasonable expectation of privacy in this kind of public shopping behavior in the physical world, and she doesn't have it in the digital world, either**.

*Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66 (W.D. Pa. 2023), *aff'd as modified*, 148 F.4th 153 (3d Cir. 2025) (emphasis added). While Plaintiff attempts to cast her online purchase as "personal information," it is simply a product preference and thus not actionable as private information as contrasted with the communication of specific health diagnoses with a healthcare provider, which would be protected, specifically, by HIPAA, within the United States.

**D. This Court Lacks Personal Jurisdiction over PHE.**

Plaintiff has failed to plead facts sufficient to support the exercise of personal jurisdiction over PHE by this Honorable Court. The only allegation in the Complaint that ties PHE to California is its sale of products to the state through its nationally available Website. There is no indication in the Complaint that Plaintiff even used the Website while in California, that a product Plaintiff purchased from the Website was delivered to her in California, that Plaintiff's allegedly private information was disclosed in California, or even that the Third Parties intercepted Plaintiff's alleged communications with the Website while in California. Plaintiff could have browsed for and purchased products from the Website from anywhere. This is precisely the type of random, isolated, or fortuitous contact that is not expressly aimed at the forum state. *See Briskin v. Shopify Inc.*, 135 F.4th 739 (9th Cir. 2025). Simply because an online retailer has the ability to ship a product to



LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

a consumer in a particular state, such ability or provision of service does not, categorically, prove or demonstrate that PHE aimed its website or website content at the forum state of California. Further, even if Plaintiff did purchase a product and it was shipped to her while she was in California, her bone to pick with PHE is not the product, and thus not part of the contractual relationship in order to confer specific personal jurisdiction. Rather, Plaintiff would have the court make the bridge-too-far logical leap that because the Website is accessible in California (as it is around the world), and that she purchased a product, that somehow the allegations of personal data collection on the Website itself is enough to confer mere universal jurisdiction no matter what state she sets foot in. Such analysis does not comport with the historical notions of "fair play and substantial justice." Accordingly, Plaintiff has not plead sufficient facts to support the exercise of personal jurisdiction over PHE by this Court.

## III. CONCLUSION

For the reasons stated above, PHE respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: January 23, 2026

LEECH TISHMAN NELSON HARDIMAN, INC.

*James K. Paulick*

James K. Paulick (Bar No. 348458)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
T: 424-738-4400
Email: jpaulick@leechtishman.com
*Attorneys for Defendant, PHE Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document on this date with the Clerk of the Court for the United States District Court for the Northern District of California using the Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

I certify that I served the foregoing document to all registered case participants on this date via filing and notice generated through the Electronic Filing system.

**Description of Document: Defendant's Reply Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint**

**LEECH TISHMAN NELSON HARDIMAN, INC.**

James K. Paulick

James K. Paulick (Bar No. 348458)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
T: 424-738-4400
Email: jpaulick@leechtishman.com
*Attorneys for Defendant, PHE Inc.*

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400