James K. Paulick (Bar No. 348458)
Ivan M. Posey (Bar No. 196386)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *jpaulick@leechtishman.com*
*iposey@leechtishman.com*

Attorneys for Defendant, PHE Inc.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| T.D., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHE, INC.<br><br>Defendant. | Case No.: 3:25-cv-09349-WHO<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PHE, INC. TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant PHE, Inc. ("Defendant" or "PHE") hereby answers the First Amended Class Action Complaint (the "Amended Complaint") filed by plaintiff Theresa Downward, individually and on behalf of all other person similarly situated ("Plaintiff") as follows:

Except as may be expressly and specifically admitted herein, Defendant denies each and every allegation alleged in the Amended Complaint and further denies that

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of PHE and further denies that Plaintiff is entitled to the relief sought in the Amended Complaint or to any relief at all from PHE. With respect to the specific paragraphs of the Amended Complaint, PHE responds as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

2. Admitted.

3. Paragraph 3 of the Amended Complaint constitutes a legal conclusion to the extent that it characterizes information as private. Accordingly, no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

4. Paragraph 4 of the Amended Complaint constitutes a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

5. Admitted.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Paragraph 7 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

9. Paragraph 9 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

10. Paragraph 10 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

## THE PARTIES

11. PHE lacks sufficient information to admit or deny the averment in paragraph 11 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

12. Paragraph 12 of the Amended Complaint states a legal conclusion regarding Plaintiff's reasonable expectations regarding privacy and disclosure, to which no

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

response is required. PHE lacks sufficient information to admit or deny the remaining averments. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

13. PHE lacks sufficient information to admit or deny the averments in paragraph 13 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

14. Paragraph 14 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

15. Paragraph 15 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

16. The averments in paragraph 16 of the Amended Complaint are admitted in part and denied in part. It is admitted that PHE is incorporated in North Carolina and has a principal place of business at 302 Meadowlands Drive, Hillsborough, North Carolina 27278. It is admitted that PHE owns and operates adameve.com. It is also admitted that adameve.com is an e-commerce platform that sells adult sex toys nationwide. The remaining averment constitutes a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

# FACTUAL ALLEGATIONS

## A. Defendant Disclosed Sensitive, Private Information

17. Paragraph 17 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

18. Paragraph 18 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

19. Paragraph 19 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

20. Paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

21. Paragraph 21 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

22. Paragraph 22 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**B. Background of the California Information Privacy Act ("CIPA")**

23. Paragraph 23 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

24. Paragraph 24 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

25. Paragraph 25 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

26. Paragraph 26 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**C. Attentive and its Tracking Tools**

27. PHE lacks sufficient information to admit or deny the averments in paragraph 27 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

28. PHE lacks sufficient information to admit or deny the averments in paragraph 28 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

29. PHE lacks sufficient information to admit or deny the averments in paragraph 29 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

30. PHE lacks sufficient information to admit or deny the averments in paragraph 30 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. To the extent that the averment in paragraph 30 of the Amended Complaint includes a "Figure," such document and/or photograph speaks for itself, and PHE denies any allegations inconsistent therewith.

31. PHE lacks sufficient information to admit or deny the averments in paragraph 31 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. To the extent that the averment in paragraph 31 of the Amended Complaint includes a "Figure," such document and/or photograph speaks for itself, and PHE denies any allegations inconsistent therewith.

32. PHE lacks sufficient information to admit or deny the averments in paragraph 32 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. To the extent that the averment in paragraph 32 of the Amended Complaint includes a "Figure," such

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

document and/or photograph speaks for itself, and PHE denies any allegations inconsistent therewith.

**D. Google and Its Tracking Tools**

33. PHE lacks sufficient information to admit or deny the averments in paragraph 33 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

34. PHE lacks sufficient information to admit or deny the averments in paragraph 34 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

35. PHE lacks sufficient information to admit or deny the averments in paragraph 35 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. To the extent that the averment in paragraph 35 of the Amended Complaint includes a “Figure,” such document and/or photograph speaks for itself, PHE denies any allegations inconsistent therewith.

36. PHE lacks sufficient information to admit or deny the averments in paragraph 36 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

37. PHE lacks sufficient information to admit or deny the averments in paragraph 37 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

38. PHE lacks sufficient information to admit or deny the averments in paragraph 38 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

39. PHE lacks sufficient information to admit or deny the averments in paragraph 39 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

40. PHE lacks sufficient information to admit or deny the averments in paragraph 40 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

41. PHE lacks sufficient information to admit or deny the averments in paragraph 41 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

42. PHE lacks sufficient information to admit or deny the averments in paragraph 42 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

43. PHE lacks sufficient information to admit or deny the averments in paragraph 43 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

44. PHE lacks sufficient information to admit or deny the averments in paragraph 44 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

45. PHE lacks sufficient information to admit or deny the averments in paragraph 45 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

46. The averments in paragraph 46 of the Amended Complaint regarding the interception of consumer interactions with the Website constitute conclusions of law to which no response is required. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 46 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

47. PHE lacks sufficient information to admit or deny the averments in paragraph 47 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

48. PHE lacks sufficient information to admit or deny the averments in paragraph 48 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**E. Heap and Its Track Tools**

49. Paragraph 49 of the Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

50. The averment in paragraph 50 of the Amended Complaint claiming that "Heap's interactions of these communications occurs "in transit," along with the case law citations, constitutes a legal conclusion to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. PHE lacks sufficient information to admit or deny the averments in paragraph 50 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

51. PHE lacks sufficient information to admit or deny the averments in paragraph 51 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

52. Admitted in part and denied in part. It is admitted only that the Heap is used on the Website. For the balance of paragraph 52, , PHE lacks sufficient information to admit or deny whether the operations of Heap constitute a "tracking technology". To the

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

53. PHE lacks sufficient information to admit or deny the averments in paragraph 53 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

54. PHE lacks sufficient information to admit or deny the averments in paragraph 53 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

55. PHE lacks sufficient information to admit or deny the averments in paragraph 55 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

56. PHE lacks sufficient information to admit or deny the averments in paragraph 56 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

57. PHE lacks sufficient information to admit or deny the averments in paragraph 57 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

58. Admitted.

59. The averments in paragraph 59 of the Amended Complaint stating that Heap is used as a wiretap device constitute a conclusion of law, to which no response is

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 59 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

60. The averment in paragraph 60 of the Amended Complaint stating that Heap "wiretaps for its own purposes" constitutes a conclusion of law, to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 60 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**F. Defendant's Website and Use of the Tracking Technologies**

61. Admitted.

62. Admitted.

63. Denied. PHE has no idea what consumers know and do not know about the use of analytics technology. Analytics technology, as exemplified by the Plaintiff's complaint, is contained in the public facing code that is ingested by all consumers' browsers, and able to be controlled by such browsers. Whether that is unbeknownst to

either the named plaintiff or alleged class members is not a fact that PHE is privy to. Therefore, the entirety of paragraph 63 is denied.

64. The averment in paragraph 64 of the Amended Complaint regarding third party interception constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial. To the extent that the averment in paragraph 64 of the Amended Complaint refers to a "Figure," such document and/or photograph speaks for itself, and PHE denies any allegations inconsistent therewith.

65. The averment in paragraph 65 of the Amended Complaint regarding third party interception through "button clicks" constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

66. Paragraph 66 is admitted in part and denied in part. It is admitted to the extent that some customers who have their browser configured in such a way as to permit cookies and analytics type software. Those who choose not to opt out of the collection of information through such cookies and analytics may have some products that they were viewing contained in information reported to third parties. It is denied that in general that each and every Product purchased by [all] consumers are tracked with cookies and analytics software.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

67. PHE lacks sufficient information to admit or deny the averments in paragraph 67 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**1. Attentive's Tracking**

68. The averments in paragraph 68 of the Amended Complaint are admitted in part and denied in part. It is admitted only that PHE has used Attentive on the Website. As for the remaining averments, PHE lacks sufficient information to admit or deny the remaining averments in paragraph 68. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

69. PHE lacks sufficient information to admit or deny the averments in paragraph 69 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

70. The averments in paragraph 70 of the Amended Complaint are admitted in part and denied in part. It is admitted only that PHE has used Attentive on the Website. To the extent that the averment in paragraph 70 of the Amended Complaint includes a "Figure," cited by Platiniff's lawyer depicting their own expert analysis and testing, such document and/or photograph speaks for itself, PHE denies any allegations inconsistent therewith. The remaining averments constitute conclusions of law to which no response is required. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

71. To the extent that the averment in paragraph 71 of the Amended Complaint includes a "Figure," such document and/or photograph speaks for itself, PHE denies any allegations inconsistent therewith. To the extent the averment in paragraph 71 of the Amended Complaint refers to the interception of information, this constitutes a conclusion of law to which no response is required. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 71 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

72. PHE lacks sufficient information to admit or deny the averments in paragraph 72. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**2. Google's Tracking**

73. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 73 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

74. To the extent the averment in paragraph 74 of the Amended Complaint refers to the interception of consumer activity, this constitutes a conclusion of law to which no response is required. To the extent that the averment in paragraph 74 of the Amended Complaint includes a "Figure," such document and/or photograph speaks for itself, PHE denies any allegations inconsistent therewith. PHE lacks sufficient

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

information to admit or deny the remaining averments in paragraph 74 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

75. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 75 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

76. The averment that PHE assists Google constitutes a conclusion of law to which no response is required. PHE lacks sufficient information to admit or deny the remaining averments. To the extent that a response is required, the averments in paragraph 76 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

77. To the extent the averment in paragraph 77 of the Amended Complaint refers to the interception of Plaintiff's communications, this constitutes a conclusion of law to which no response is required. To the extent that the averment in paragraph 77 of the Amended Complaint refer to an above "Figure," such document and/or photograph speaks for itself, PHE denies any allegations inconsistent therewith. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 77 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

78. The averment that PHE uses and causes the disclosure of data constitutes a conclusion of law to which no response is required. PHE lacks sufficient information to admit or deny the remaining averments. To the extent that a response is required, the averments in paragraph 78 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

79. PHE lacks sufficient information to admit or deny the remaining averments. To the extent that a response is required, the averments in paragraph 79 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

80. PHE lacks sufficient information to admit or deny the remaining averments. To the extent that a response is required, the averments in paragraph 80 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

**3. Heap's Tracking**

81. The averment in paragraph 81 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averments in paragraph 81 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

82. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 82 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

83. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 83 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

84. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 84 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

85. The averment in paragraph 85 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averments in paragraph 85 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

86. To the extent that the averment in paragraph 86 of the Amended Complaint includes a "Figure," such document and/or photograph speaks for itself, and PHE denies any allegations inconsistent therewith. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 86 of the Amended Complaint. To the extent that a response is required, the averments are denied and strict proof of the same is demanded at trial.

87. The amendments in paragraph 87 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 87 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

88. PHE lacks sufficient information to admit or deny the remaining averments in paragraph 88 of the Amended Complaint. To the extent that a response is required, the averment is denied and strict proof of the same is demanded at trial.

**G. Plaintiff Never Provided Defendant or the Third Parties with Consent to Intercept Their Sensitive and Confidential Information**

89. The averments in paragraph 89 of the Amended Complaint constitute a conclusion of law to which no response is required. To the extent that the averments in paragraph 89 of the Amended Complaint include "Figures," such documents and/or photographs speaks for themselves, and PHE denies any allegations inconsistent therewith.

90. The averment in paragraph 90 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment in paragraph 90 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

## CLASS ACTION ALLEGATIONS

91. The averment in paragraph 91 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment in paragraph 91 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

92. The averment in paragraph 92 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment in paragraph 92 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

93. The averment in paragraph 93 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment in paragraph 93 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

94. The averment in paragraph 94 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent that a response is required, the averment in paragraph 94 of the Amended Complaint is denied and strict proof of the same is demanded at trial.

95. The averments in paragraph 95 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 95 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

96. The averments in paragraph 96 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 96 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

97. The averments in paragraph 97 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 97 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

98. The averments in paragraph 98 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 98 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

99. The averments in paragraph 99 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 99 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

## CLAIMS FOR RELIEF
## COUNT I
## Violation of the California Invasion of Privacy Act
## Cal. Penal Code § 631

100. Paragraph 100 of the Amended Complaint is an incorporation clause to which no response is required.

101. The averments in paragraph 101 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

required, the averments in paragraph 101 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

102. The averments in paragraph 102 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 102 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

103. The averments in paragraph 103 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 103 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

104. The averments in paragraph 104 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 104 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

105. The averments in paragraph 105 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 105 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

106. The averments in paragraph 106 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

required, the averments in paragraph 106 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

107. The averments in paragraph 107 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 107 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

108. The averments in paragraph 108 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 108 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

109. The averments in paragraph 109 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 109 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

110. The averments in paragraph 110 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 110 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

**COUNT II**
**Violation of the California Invasion of Privacy Act**
**Cal. Penal Code § 632**

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

111. Paragraph 111 of the Amended Complaint is an incorporation clause to which no response is required.

112. The averments in paragraph 112 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 112 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

113. The averments in paragraph 113 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 113 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

114. The averments in paragraph 114 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 114 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

115. The averments in paragraph 115 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 115 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

**COUNT III**
**Invasion Privacy Under California's Constitution**

116. Paragraph 116 of the Amended Complaint is an incorporation clause to which no response is required.

117. The averments in paragraph 117 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 117 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

118. The averments in paragraph 118 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 118 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

119. The averments in paragraph 119 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 119 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

120. The averments in paragraph 120 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 120 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

121. The averments in paragraph 121 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

required, the averments in paragraph 121 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

122. The averments in paragraph 122 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, the averments in paragraph 122 of the Amended Complaint are denied and strict proof of the same is demanded at trial.

**FIRST AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant hereby asserts and interposes the following affirmative defenses to the claims contained in the Amended Complaint:

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing)**

Plaintiff lacks standing under Article III of the United States Constitution because Plaintiff has not suffered a concrete, particularized, and actual injury in fact. Plaintiff alleges, at most, speculative, hypothetical, or abstract harms that are insufficient to confer standing in federal court.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Actual Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

any actual damages, economic loss, or cognizable injury as a result of Defendant's alleged conduct.

**FIFTH AFFIRMATIVE DEFENSE**
**(Party Exception (No Third-Party Interception))**

Plaintiff's claims under the California Invasion of Privacy Act are barred because Defendant and its analytics and service providers were parties to the alleged communications and not third parties. As parties to the communications, neither Defendant nor its service providers could have unlawfully intercepted or eavesdropped on those communications.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Protected "Communication" or "Conversation")**

Plaintiff's claims are barred because routine electronic communications between a web browser and a website server, including associated analytics transmissions, do not constitute a protected "communication" or "conversation" within the meaning or historical scope of California's wiretapping statute.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff's claims are barred because Plaintiff expressly and impliedly consented to the alleged conduct. Plaintiff was presented with a cookie consent banner that explains PHE's website data sharing practices, including but not limited to, explaining how PHE discloses that data is collected and shared with social media, advertising and analytics partners, and Plaintiff continued to the site and proceeded to browse and purchase products.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**EIGHTH AFFIRMATIVE DEFENSE**
**(Opt-Out of Targeted and Advertising Cookies)**

Plaintiff's claims are barred because, upon dismissing the cookie consent banner, Plaintiff was opted out of targeted advertising and advertising cookies and pixels in accordance with Defendant's practices and industry standards. Defendant did not deploy targeted advertising or advertising pixels with respect to Plaintiff's browsing activity.

**NINTH AFFIRMATIVE DEFENSE**
**(Compliance with CCPA and CPRA)**

Plaintiff's claims are barred because any alleged data sharing was conducted in compliance with the California Consumer Privacy Act and California Privacy Rights Act, including disclosures to service providers and vendors expressly permitted by those statutes.

**TENTH AFFIRMATIVE DEFENSE**
**(Statutory Harmonization / Legislative Intent)**

Plaintiff's claims are barred because the California Legislature could not have intended that conduct expressly authorized under the CCPA and CPRA simultaneously constitute a criminal violation under the California Invasion of Privacy Act. Plaintiff's interpretation would create irreconcilable statutory conflict and produce absurd results.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Reasonable Expectation of Privacy)**

Plaintiff's claims are barred because Plaintiff lacked a reasonable expectation of privacy in routine, disclosed electronic communications with a commercial website while voluntarily engaging in online browsing and transactions.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**TWELFTH AFFIRMATIVE DEFENSE**
**(Use of Alias / No Personally Identifiable Information)**

Plaintiff's claims are barred because Plaintiff affirmatively used fictitious or alias identifying information when browsing Defendant's website, placing orders, and creating associated third-party accounts. Any alleged data collection or analytics activity therefore did not involve Plaintiff's true identity or personal identifying information.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Serious Invasion of Privacy (California Constitution))**

Plaintiff's claim under the California Constitution is barred because the alleged conduct does not constitute a serious invasion of privacy. Any alleged data collection was routine, limited, non-intrusive, and consistent with disclosed practices.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(De Minimis Conduct)**

Plaintiff's claims are barred because any alleged data transmission or collection was de minimis, trivial, and insufficient to support liability under the California Invasion of Privacy Act or the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure of Predicate Violation)**

Plaintiff's claims are barred, in whole or in part, because no underlying violation of the California Invasion of Privacy Act occurred, and therefore no derivative or secondary liability can attach.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff

knowingly used false identifying information and seeks to exploit that conduct to manufacture statutory and constitutional liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Intervention of Superseding Causation by Non-Agents Third Parties)**

Plaintiff's claims and those of the putative class members are barred, precluded, and/or diminished, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages they claim were caused by third parties who were not employees or agents of Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Fault of Others Requires Reduction of Award)**

Persons or entities other than Defendant may have caused or contributed to the damages Plaintiff and the putative class member allegedly suffered and therefore any award in favor of Plaintiff or the putative class members must be reduced by an amount equal to the percentage of fault of others causing or contributing to the damages alleged.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of contributory negligence to the extent their own negligent actions contributed to any damages they allege to have suffered.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims and those of the putative class members are barred or reduced, in whole or in part, because they have failed to mitigate any damages they allegedly

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

sustained.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by their assumption of risk.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(No Proximate Causation by Defendant)**

Defendant did not perform any act or omission that was the proximate cause of Plaintiff's or the putative class members' alleged damages.

**TWENTY- THIRD AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, under the doctrine of waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Release)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, under the doctrine of release.

**TWENTY- FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by estoppel.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**TWENTY- SIXTH AFFIRMATIVE DEFENSE**
**(Latches)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by laches.

**TWENTY- SEVENTH AFFIRMATIVE DEFENSE**
**(Barred by Third-Party Agreements and Prior Disclosures to Third Parties)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by agreements that they independently entered into with third parties and/or by their prior disclosure of information to third parties.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary and Indispensable Parties)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because they have failed to join necessary and indispensable parties to the action.

**TWENTY- NINTH AFFIRMATIVE DEFENSE**
**(Misjointer of Parties)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, by misjoinder of the parties.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Inability to Show Data)**

Plaintiffs cannot show that any information allegedly intercepted or disclosed relates to putative class members. Because more than one individual may have access to a single device or computer, mini-trials would be necessary to determine if the information allegedly collected related to each and every individual actually using the computers and/or computer browsers at issue.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(Punitive Class-Wide Damages Would Violate Due Process)**

The imposition of punitive and/or aggregated, class-wide damages in this case would be excessive and violate Defendant's Due Process and other Constitutional rights.

**THIRTY- SECOND AFFIRMATIVE DEFENSE**
**(Industry Standard Practice)**

Plaintiff's claims and those of the putative class members are barred because at all times Defendant acted in good faith in in compliance with industry-standard practices and any applicable statutes and/or regulations.

**THIRDY- THIRD AFFIRMATIVE DEFENSE**
**(No Prior Notice)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendant had no prior notice that Defendant's actions were potentially wrongful, and Defendant did not intend to commit a wrongful act, or deny any legal right to Plaintiffs and/or any member of the putative class, or to cause harm.

**THIRY- FOURTH AFFIRMATIVE DEFENSE**
**(No Reckless Disregard of Plaintiff's Rights)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendant did not act with a reckless disregard as to the rights and legal interests of the Plaintiffs and/or any member of the putative class.

**THIRTY- FIFTH AFFIRMATIVE DEFENSE**
**(Aiding Liability Under CIPA Barred)**

Plaintiff's California Invasion of Privacy Act claims are barred, in whole or in part,

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

to the extent they allege that Defendant aided parties not in the case in committing a statutory violation.

**THIRTY- SIXTH AFFIRMATIVE DEFENSE**
**(Rule of Lenity Bars CIPA)**

The California Invasion of Privacy Act is a penal code. As such, Plaintiff and the putative class members are barred, in whole or in part, because application of the penal statutes at issue, as interpreted by Plaintiffs, would violate the rule of lenity.

**THIRTY- SEVENTH AFFIRMATIVE DEFENSE**
**(No Aiding Third-Party Interception Liability)**

The California Invasion of Privacy Act claim by Plaintiff and the putative class members is barred, in whole or in part, because Defendant cannot be held liable for aiding a third party in committing an "interception" unless Plaintiffs prove that the third party committed an actionable interception, and Defendant cannot be required to defend the actions of third parties.

**THIRTY- EIGHTH AFFIRMATIVE DEFENSE**
**(Plaintiff is not "aggrieved persons" under CIPA)**

The California Invasion of Privacy Act claim is barred because Plaintiff and the putative class members are not aggrieved persons intended to be protected by the statute.

**THIRTY- NINTH AFFIRMATIVE DEFENSE**
**(No Interception While in Transit under CIPA)**

The California Invasion of Privacy Act claim by Plaintiff and the putative class members is barred, in whole or in part, because the communications were not intercepted while in transit.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**FORTITH AFFIRMATIVE DEFENSE**
**(No PII was Implicated by Defendant's Acts)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because no "personal information" or "personally identifiable information" of the Plaintiffs and/or the putative class members was disclosed, accessed, intercepted, or otherwise implicated by any act or failure to act by the Defendant.

**FOURTY-FIRST AFFIRMATIVE DEFENSE**
**(No Threat of Future Harm)**

There is no threat of impending future harm that would entitle Plaintiffs or the putative class members to injunctive relief

**FOURTY- SECOND AFFIRMATIVE DEFENSE**
**(No basis for Relief)**

Plaintiff's claims and those of the putative class members are barred, in whole or in part, because there is no basis for declaratory, equitable, or compensatory relief in this action.

**FOURTY- THIRD AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over the Defendant.

**FOURTY- FOURTH AFFIRMATIVE DEFENSE**
**(Speculative and Conclusory Allegations Regarding Third Parties)**

Plaintiff's claims are barred because they rely on speculative, conclusory, and generalized allegations regarding the capabilities, conduct, and data practices of unidentified or unsued third parties, rather than specific, actionable facts.

**FOURTY- FIFTH AFFIRMATIVE DEFENSE**
**(No Agency or Control Over Third Parties)**

Plaintiff's claims are barred because Defendant did not control, direct, or act as the agent of any alleged third parties, nor did any such third parties act as Defendant's agents for purposes of the alleged conduct.

**CLASS CERTIFICATION RELATED AFFIRMATIVE DEFENSES**

**FOURTY- SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Commonality)**

Plaintiff's Amended Complaint is not appropriate as a class action lawsuit since there is no commonality among the putative class.

**FOURTY- SEVENTH AFFIRMATIVE DEFENSE**
**(Class Action Not Superior)**

A class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**FORTY- EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Typicality (Rule 23(a)(3)))**

Plaintiff's claims are not typical of the claims of the putative class because Plaintiff's browsing behavior, consent choices, use of privacy controls, and use of fictitious identifying information materially differ from those of other putative class members.

**FORTY- NINTH AFFIRMATIVE DEFENSE**
**(Lack of Adequacy (Rule 23(a)(4)))**

Plaintiff cannot fairly or adequately represent the interests of the putative class

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

because Plaintiff did not use her real identity, did not experience the same alleged data practices as other putative class members, and lacks standing and damages common to the class.

**FIFTIETH AFFIRMATIVE DEFENSE**
**(Lack of Commonality (Rule 23(a)(2)))**

Plaintiff's claims are not capable of common resolution because material issues—including consent, cookie settings, browser configurations, privacy tools, use of VPNs, and opt-out choices—vary widely among putative class members.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**
**(Individualized Issues Predominate (Rule 23(b)(3)))**

Individualized issues of fact and law predominate over any common issues, including but not limited to whether each putative class member saw a cookie banner, how each responded to it, what browser or privacy settings were used, whether analytics were blocked, and whether any data was collected or shared.

**FIFTY- SECOND AFFIRMATIVE DEFENSE**
**(Lack of Ascertainability)**

The putative class is not ascertainable because class membership cannot be determined through objective, administratively feasible means without individualized inquiry into each person's browsing behavior, consent decisions, device configurations, and privacy settings.

**FIFTY- THIRD AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Rule 23)**

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23, and therefore class certification is improper.

LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR,
LOS ANGELES, CA 90024
424.738.4400

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

Defendant reserves the right to assert additional defenses as discovery proceeds and additional facts become known.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant is awarded its reasonable costs and attorneys' fees; and

3. That Defendant is awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury for all of the claims in the Amended Complaint so triable.

Dated: February 25, 2026

**LEECH TISHMAN NELSON HARDIMAN, INC.**

*/s/ James K. Paulick*

James K. Paulick (Bar No. 348458)
Ivan M. Posey (Bar No. 196386)
*Attorneys for Defendant, PHE Inc*